UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY HOWARD KIDGELL,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF MERCED,<br><br>Defendant. | No. 2:24-cv-1580 TLN SCR (PS)<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, Gary Howard Kidgell, filed this action *pro se* and paid the filing fee. The case was accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). Plaintiff is suing Defendant County of Merced over an allegedly unlawful private land transfer that occurred in 1872 or 1873, on the theory that Defendant's recording of the transfer was unconstitutional and therefore gives rise to federal jurisdiction under 42 U.S.C. §1983.

Pending before the Court is Defendant's motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) (ECF No. 7) and Plaintiff's motion for leave to file an amended complaint (ECF No. 15). For the reasons that follow, the undersigned recommends that the motion to dismiss be granted. The undersigned further recommends that the motion for leave to amend be denied because the proposed amended complaint does not cure the defects of the original complaint.

////

1

Finally, the undersigned recommends that this action be dismissed without further leave to amend, because amendment would be futile. Even assuming that Plaintiff could plead facts showing (1) that this action concerning events that occurred more than 150 years ago is timely, (2) that there was state action, (3) that Defendant had a contemporaneous policy and practice of unlawfully recording deeds such that *Monell* liability would attach, and (4) that Defendant's conduct was so egregious that it violated due process, Plaintiff could not establish federal jurisdiction. That is because the alleged constitutional injury was perpetrated against his ancestors and any injury to Plaintiff some 150 years later is too speculative to establish standing.

## I. BACKGROUND

### A. The Complaint[1]

Plaintiff sues Defendant for alleged violations of 18 U.S.C. § 242, the Supremacy Clause, and Fifth and Fourteenth Amendments to the United States Constitution. ECF No. 1 at 1-2. Plaintiff asserts federal question jurisdiction, citing 42 U.S.C. § 1983, the Fifth and Fourteenth Amendment to the U.S. Constitution, and the Supremacy Clause. *Id.* at 2-3.

The Complaint alleges the following: Plaintiff is heir of George Spafford Evans ("Evans"), *id*. at 1; a U.S. land patent transferred public land to Evans, *id.* at 12, Exhibit B; sometime thereafter, apparently in 1873,[2] Defendant recorded a deed conveying the properties to others, *id.* at 6, 10-11, Exhibit A; the deed is a "fraudulent administrative document," *id.* at 6; "by enacting, implementing, or enforcing state laws, regulations, or actions that directly conflict with, obstruct or impede the execution, effectiveness, or authority of federal laws, regulations, or actions" Defendant violated the Supremacy Clause, *id.* at 4; by depriving Plaintiff of his private property rights "without proper notice, an opportunity to be heard, or following appropriate legal procedures," Defendant violated Plaintiff's rights under the Fourteenth Amendment's Due Process Clause, *id*.; by depriving Plaintiff of his property without just compensation, the

---

[1] The Court construes the Complaint liberally because Plaintiff is representing himself. *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally.").

[2] The Complaint states 1872 was the year of the conveyance, though it appears from an exhibit that the conveyance was recorded in 1873.

2

Defendant violated Plaintiff's rights under the Fifth Amendment's Takings Clause, *id.*

Plaintiff seeks punitive damages for the "wrongs and deprivation of rights" by Defendant and presents three alternative additional forms of relief: (1) compensatory damages for the deprivation of land; (2) cancellation of deeds conveying property the property and return the land to Evans; or (3) conveyance of the equivalent of 880 acres of land in the County of Merced to Evans and heirs. *Id*. at 6.

### B. The Motion to Dismiss

Defendant seeks dismissal of Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. ECF No. 7. Defendant argues that the Complaint fails to establish federal question jurisdiction because: (1) "federal land patents and acts of Congress do not provide a basis for federal question jurisdiction"; (2) "the is no conflict between federal and state statute that involves the Supremacy Clause;" (3) "recording of a deed does not invoke a federal right subject to due process guaranteed by the Fourteenth Amendment"; (4) "the Due Process Clause of the Fifth Amendment applies to the federal government, not state or local government"; and (5) "disputes over possessory interests in land under the facts alleged invoke no federal statutes, treaties, rights, privileges or immunities secured by federal law." ECF No. 7 at 2 (cleaned up); *see also* ECF No. 7-1 at 2-6.

Plaintiff filed an opposition that is difficult to comprehend. From what the Court can discern, it appears Plaintiff's primary argument in opposition is that it would be premature for this Court to dismiss his case for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) because "the Federal lawsuit is heavily dependent on the outcome of the State case."[3] ECF No. 10 at 3. Plaintiff again cites to 18 U.S.C. § 242, the Supremacy Clause and the

---

[3] Neither party provides detail about the apparently related case in state court. As a result, the Court does not consider whether the "*Colorado River* doctrine" would require the stay or dismissal of this action in light of the state case. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976); *see also R.R. St. & Co. v. Transport Ins. Co.*, 656 F.3d 966, 983 (9th Cir. 2011) ("Ultimately, the decision whether to dismiss a federal action because of parallel state-court litigation hinges on a careful balancing of the [relevant] factors ... with the balance heavily weighted in favor of the exercise of jurisdiction." (internal citation and quotation marks omitted)).

Fourteenth and Fifteenth Amendments of the U.S. Constitution. *Id.* at 4-6. Plaintiff then argues that should the Court find deficiencies in his Complaint, the Court should grant him leave to amend. *Id.* at 6-7.

In reply, Defendant argues that by focusing on the merits of his claims rather than on whether federal question jurisdiction exists, Plaintiff has failed to carry his burden of establishing jurisdiction. ECF No. 11 at 2. Defendant further argues that Plaintiff cannot remedy the lack of federal question jurisdiction by establishing personal jurisdiction, and reiterates the arguments made in its motion. *Id.* at 2-4.

## II. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(1) – Lack of Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, (1994). Congress granted federal courts jurisdiction over cases that "aris[e] under" federal law. 28 U.S.C. §§ 1331. A case "arises under" federal law where federal law creates the cause of action or "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)). This type of jurisdiction is known as "federal-question jurisdiction." *Badgerow v. Walters,* 596 U.S. 1, 7-8 (2022).

"[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Republican Party of Guam*, 277 F.3d at 1089 (quoting *Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998)). "The party asserting federal subject matter jurisdiction bears the burden of proving its existence." *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010) (citing *Kokkonen*, 511 U.S. at 377)).

To dismiss for lack of federal question jurisdiction, despite the existence of a federal claim, the Court must find "the alleged claim under the Constitution or federal statutes clearly

4

appears to be immaterial and made solely for the purpose of obtaining jurisdiction" or "such a claim is wholly insubstantial and frivolous." *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 (9th Cir. 2012) (quoting *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation of N.Y. v. County of Oneida*, 414 U.S. 661, 666 (1974) ("Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of th[e Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy.'")). The district court can look to the pleadings and may review additional evidence without converting the motion into one for summary judgment. *See McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) (citing *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983)).

**B. Federal Rule of Civil Procedure 15(a)(2) – Leave to Amend Complaint**

Federal Rule of Civil Procedure 15(a)(2) requires opposing party's written consent or the court's leave to amend the Complaint. *See* Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) instructs that "[t]he court should freely give leave [to amend] when justice so requires." *Id.*

Courts within the Ninth Circuit interpret and apply Rule 15(a)'s policy with "extreme liberality," *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003), especially when the plaintiff is pro se and lacks the experience and guidance of counsel to avoid pleading errors. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000). In making such determination, courts consider the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

**III.   ANALYSIS**

As discussed below, Plaintiff has not established federal question jurisdiction for two reasons.[4] First, the existence of a U.S. land patent alone does not confer federal question

---

[4] Defendant's motion to dismiss does not address Plaintiff's claims under 18 U.S.C. § 242. However, because 18 U.S.C. § 242 does not provide a private right of action, it cannot be the basis for federal question jurisdiction in this case. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092, (9th Cir. 1980) (holding there is no private right of action under § 242).

1  jurisdiction. Second, Plaintiff's constitutional claims—apparently based on no more than
2  Defendant's recording of a deed in 1873—are so insubstantial that they fail to establish a basis for
3  federal question jurisdiction. Plaintiff's motion for leave to amend should be denied because the
4  proposed amended complaint does not cure these deficiencies.

### A. Land Patents

To the extent Plaintiff seeks to establish subject-matter jurisdiction through the mere existence of a U.S. land patent transferring public land to Plaintiff's predecessor, Evans, Defendant is correct that the land patent *alone* will not suffice. A land patent is a document used by the government to transfer ownership of public land to a private person. *Land patent*, Black's Law Dictionary (12th ed. 2024). The United States Supreme Court, the Ninth Circuit, and this Court have clearly stated that federal land patents and acts of Congress *alone* do not provide bases for federal question jurisdiction. *See Shulthis v. McDougal*, 225 U.S. 561, 569–70 (1912) ("[A] controversy in respect of lands has never been regarded as presenting a Federal question *merely* because one of the parties to it has derived his title under an act of Congress.") (emphasis added); *Oneida Indian Nation*, 414 U.S. at 675-78 ("Once patent issues, the incidents of ownership are, *for the most part*, matters of local property law to be vindicated in local courts, and in such situations it is *normally insufficient* for 'arising under' jurisdiction merely to allege that ownership or possession is claimed under a United States patent.") (emphasis added); *Virgin v. County of San Luis Obispo*, 201 F.3d 1141, 1143 (9th Cir. 2000) (per curiam) (citing *Shulthis*, 225 U.S. at 569-570 and *Oneida Indian Nation*, 414 U.S. at 676-77); *Brainard v. Willmon*, No. 1:10-CV-01126, 2010 WL 3768140, at *5 (E.D. Cal. Sept. 22, 2010) (same). However, because Plaintiff presents other bases for federal question jurisdiction, specifically § 1983 and various constitutional provisions, the conclusion here—that the U.S. land patent in this case does not confer federal question jurisdiction—does not conclude the analysis. *See Daniels v. United States*, No. 17-cv-1598 C, 2018 WL 1664476, at *8 (Fed. Cl. Apr. 6, 2018) (explaining that for federal jurisdiction to exist in a case relating to a land patent, the complaint needs to identify a substantive source of law, for example, the Fifth Amendment, that has been violated).

////

B.  **Constitutional Claims**

   1.  **Supremacy Clause**

Plaintiff appears to argue that the Supremacy Clause is an independent basis for federal question jurisdiction in this case. ECF No. 1 at 4. However, the Supremacy Clause only "creates a rule of decision" that "instructs the courts what to do when state and federal law clash." *Armstrong v. Exceptional Child Center, Inc.*, 575 U.S. 320, 324-25 (2015). Thus, to assert federal question jurisdiction under the Supremacy Clause, a plaintiff must identify a state law, regulation, or action that conflicts with federal law. *See Virgin*, 201 F.3d at 1144-45. Where the plaintiff fails to identify such laws, federal question jurisdiction does not attach. *Id.* (finding no federal question jurisdiction under the Supremacy Clause where plaintiff did not cite any applicable federal law that could preempt the applicable county ordinance or state regulation).

In this action, Plaintiff has identified no federal law that allegedly preempts state law or regulation. ECF No. 1 at 3-4. In fact, Plaintiff has not even identified a state law or regulation that is allegedly preempted. *Id*. From what the Court can deduce, Plaintiff's allegation is that the Defendant's act of recording the deed in question is preempted by the federal land patent. But the mere fact that Plaintiff's predecessors were originally granted ownership of land pursuant to federal authority in no way suggests that those predecessors were prohibited from subsequently conveying that land through a process established by state law. Moreover, Plaintiff cannot simply repackage a claim based on a U.S. land patent—which, as stated above, does not establish federal question jurisdiction—as a Supremacy Clause claim in order to establish federal question jurisdiction.

   2.  **Fifth and Fourteenth Amendment Due Process Clauses**

The Complaint states that federal question jurisdiction is appropriate under 28 U.S.C. § 1331 because this case raises constitutional questions under the Fifth and Fourteenth Amendment Due Process Clauses. ECF No. 1 at 2-4. This argument fails for various reasons.

First, Defendant is correct that the Fifth Amendment Due Process Clause does not apply to state or local governments. *See Castillo v. McFadden*, 399 F.3d 993, 1002 n. 5 (9th Cir. 2005) ("The Fifth Amendment prohibits the federal government from depriving persons of due process,

7

while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several States: '*nor shall any State* deprive any person of life, liberty, or property, without due process of law.'" (quoting U.S. CONST. amend. XIV) (emphasis in original)).

Second, because on the face of the Complaint the Fourteenth Amendment claim is wholly devoid of merit, no federal question jurisdiction attaches to that claim. *See Selck v. Law Offices of Brandan Leibrock*, No. 2:23-cv-01031 TLN AC, 2023 WL 3794404, at *2 ("Because there is no cognizable federal claim identified in the complaint, and the parties do not appear to be diverse, the undersigned believes there is no federal jurisdiction."); *see also Celece v. Dunn School*, No. CV 20-10139 GW (PVCx), 2020 WL 6802027, at *5 (C.D. Cal. Nov. 19, 2020) (alleged Fourteenth Amendment violations that "were not committed by government actors" does not "provide basis for federal question jurisdiction").

The Fourteenth Amendment Due Process Clause prohibits *state action* that deprives a person of life, liberty, or property without due process of law. U.S. Const. amend. XIV, § 1. Thus, to state a claim under the Fourteenth Amendment, Plaintiff must show that it was *state action* that deprived him of due process. *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 156 (1978); *Apao v. Bank of New York*, 324 F.3d 1091, 1095 (9th Cir. 2003). The test for *state action* is "not state involvement, but rather is significant state involvement." *Adams v. Southern California First Nat. Bank*, 492 F.2d 324, 330, n.14 (9th Cir. 1973). The use of a state process by private parties "without the overt, significant assistance of state officials" cannot "properly be considered state action." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 54 (1999) (internal quotations and citation omitted).

Here, the alleged state involvement—Defendant recording of a deed—is not significant. "If this constitutes state action then the recording of all real property deeds . . . would be the basis for Fourteenth Amendment state action subject to review in the federal courts." *Shirley v. State Nat. Bank of Connecticut*, 493 F.2d 739, 743 n. 5 (2d Cir. 1974); *see also Parks v. "Mr. Ford"*, 556 F.2d 132, 140-41 (3d Cir. 1977) ("If the role played by state employees in issuing new certificates of title to garagemen who foreclose on their liens were enough to infuse those foreclosures with state action, then obviously there would be state action as well whenever a new

or used car is purchased and a new certificate of title is issued."). The recording of a private property interest "is precisely the type of [m]ere approval of or acquiescence in the initiatives of a private party that … does not constitute state action for purposes of § 1983." *Daimler Trust v. Prestige Annapolis LLC*, No. 16-cv-544, 2016 WL 3162817, *14 (D. Md., June 7, 2016) (quoting *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 (4th Cir. 2009) (quotations omitted). It cannot be that the "negligible role of record-keeping" constitutes state action simply because state employees participate. *Parks*, 556 F.2d at 141. "To hold that the state, by recognizing the legal effects of [private] arrangements, converts them into state acts for constitutional purposes would effectively erase to a significant extent the constitutional line between private and state action and subject to judicial scrutiny under the Fourteenth Amendment virtually all private arrangements that purport to have binding legal effect*.*" *Barrera v. Sec. Bldg. & Inv. Corp.*, 519 F.2d 1166, 1170 (5th Cir. 1975). Accordingly, the Fourteenth Amendment claim cannot be the basis of subject matter jurisdiction in this case.

### 3. Fifth Amendment Takings Clause

Plaintiff alleges that by depriving Plaintiff of his property without just compensation, the Defendant violated the Fifth Amendment to the U.S. Constitution. ECF No. 1 at 2. Defendant's motion to dismiss does not appear to address this Fifth Amendment's Takings Clause and focuses only on the Fifth Amendment's Due Process Clause. Nonetheless, because the issue is federal-question jurisdiction and Plaintiff would need this claim to survive this motion, the Court briefly addresses this claim.

Plaintiff is correct that a property owner can bring a Takings Clause claim to federal court under 42 U.S.C. § 1983 when "a local government takes private property without paying for it." ECF No. 10 at 6 (citing *Knick v. Township of Scott, Pennsylvania*, 588 U.S. 180, 189 (2019)); *see Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1198 (9th Cir. 1998) ("[T]he Takings Clause has long been held to apply to the States through the Due Process Clause of the Fourteenth Amendment."). However, Plaintiff's Takings Clause claim fails for the similar reasons his due process claim fails: Plaintiff has not alleged state action. Plaintiff has also not alleged that his predecessor's property was taken for public use, as opposed to being conveyed to another private

individual. Plaintiff's claim under the Takings Clause is accordingly so meritless that it too fails to establish federal jurisdiction.

### C. Plaintiff's Motion for Leave to File an Amended Complaint

While Defendant's motion to dismiss was pending, Plaintiff sought leave to file an amended complaint. ECF No. 15. Plaintiff's proposed amended complaint would add ten "Doe" defendants, a Fourth Amendment "unlawful seizure" claim, and several state law causes of action. Plaintiff claims that he should be allowed to amend the complaint because "new evidence," "specifically [a] witness report," supports his "fraud allegations." *Id*. at 2. Plaintiff also claims amendment is warranted due to "recent legal developments," but cites only to cases decided from the 1970s to 2005. *Id*. at 2-3. Finally, Plaintiff claims that the "new evidence" "demonstrates that the Defendants were directly involved in the Taking of Ps' property." *Id*. at 3.

The motion to file an amended complaint should be denied because the proposed amended complaint, like the original complaint, fails to establish federal jurisdiction. The amended complaint does not demonstrate the state action that is a prerequisite for the existence of a constitutional claim. As relevant here, the only purportedly new fact regarding state action in the proposed amended complaint is that, "County of Merced failed to follow proper procedures to verify the authenticity of the Fraudulent Deed before recording it." ECF No. 15 at 13. But that fact is pleaded as to a state law negligence claim and, in any event, the failure to follow standard operating procedures would not turn the recording of a private agreement into state action. *See, e.g., Sharp v. Becerra*, 393 F.Supp.3d 991, 997 (E.D. Cal. 2019) (noting that "[m]ere negligence does not suffice" to establish a due process violation when it comes to regulatory activities).

Because the proposed new constitutional claim—an alleged unlawful seizure under the Fourth Amendment—is also based on recording the deed (ECF No. 15 at 11), it fares no better than the other constitutional claims. That proposed Fourth Amendment claim also fails to establish federal jurisdiction, at a minimum, based on an absence of meaningful state action.

Plaintiff also does not include specific allegations about the supposed "witness report" that purportedly demonstrates fraud in the recording of the deed in 1973. It is hard to imagine what such a report would involve, more than 150 years after the incident in question. In any

event, the bald allegation that such a report exists, without any detail, does nothing to strengthen Plaintiff's claims or the basis for federal jurisdiction.

The other new claims in the proposed amended complaint are state law claims. Given the absence of diversity of citizenship, those claims also cannot establish federal jurisdiction.

### IV. LEAVE TO AMEND

Defendant argues in its motion to dismiss and reply that Plaintiff should not be granted leave to amend because amendment would be futile. *See* ECF No. 7-1 at 6; ECF No. 11 at 4. Plaintiff argues that he should be granted leave to amend to cure any deficiencies in his complaint. ECF No. 10 at 7. As explained below, even assuming Plaintiff could overcome multiple other obstacles to establishing federal jurisdiction and stating a claim on which relief could be granted, amendment would be futile because Plaintiff is effectively seeking to vindicate the rights of third parties—his ancestors—and his alleged injuries are too speculative to establish standing to sue. *See Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018) (amendment is futile when no set of facts by amendment could present a valid or sufficient claim); *see also Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("Where the legal basis for a cause of action is tenuous, futility supports the refusal to grant leave to amend.")

There are several reasons to believe that amendment would be futile. First, this action concerns events that occurred more than 150 years ago, ECF No. 1 at 11, and it is extraordinarily likely to be time barred. The statute of limitations for any Section 1983 claims is two years. *See Alameda Books, Inc. v. City of Los Angeles*, 631 F.3d 1031, 1041 (9th Cir. 2011) (although the accrual date of a claim is governed by federal law, the statute of limitations to bring a § 1983 claim is based on the forum state's statute of limitations for personal injury actions); Cal Civ. Proc. Code § 335.1 (two-year statute of limitations for personal injury cases). There are no meaningful allegations regarding when plaintiff knew or had reason to know of the alleged injury or whether facts exist to toll the statute of limitations or estop the Defendant from asserting the

////

////

11

statute of limitations as an affirmative defense.[5] *See Lukovsky v. City and County of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008) (quoting *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) ("Under federal law, a claim accrues 'when the plaintiff knows or has reason to know that the injury which is the basis of the action.'")); *id.* at 1051 (the statute of limitations can be toll or estopped under equitable tolling and equitable estoppel, respectively).

Second, setting aside timeliness issues, in his proposed amended complaint, Plaintiff has not shown state action, has not shown that Defendant had a policy and practice of unlawfully recording deeds such that *Monell* liability would attach, and has not shown that Defendant's conduct was so egregious that it violated due process. These are all things Plaintiff would have to adequately allege in order to establish federal jurisdiction and state a claim on which relief could be granted. As described above, Plaintiff would have to plead facts showing Defendant did more than just record a property transaction in order to establish the state action requirement under Section 1983. Moreover, under *Monell v. Dep't of Soc. Servs. Of City of New York*, 436 U.S. 658 (1978), "[a] government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Monell*, 436 U.S. at 694). Finally, while the constitutional right to due process is flexible and expansive when it comes to protected property interests, Plaintiff would have to allege more than Defendant's negligence in recording a fraudulent deed in order to state a due process claim. *See Sharp*, 393 F.Supp.3d at 997; *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986) ("lack of care simply does not approach the sort of abusive government conduct that the Due Process Clause was designed to prevent").

Third, Plaintiff does not have standing to challenge the alleged constitutional harm that was done to his ancestors. A plaintiff generally must assert his own legal rights and cannot assert the legal rights of a third-party. *See, e.g., Powers v. Ohio*, 499 U.S. 400, 410 (1991). In

---

[5] Plaintiff's motion for leave to amend indicates he discovered the alleged fraud on May 11, 2023, though that cannot be correct because he wrote a letter to Defendant on May 7, 2023 complaining of the same.

determining whether a plaintiff who asserts the legal rights of a third-party may do so, courts apply a two-part inquiry. *See Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 623 n. 3 (1989). First, the plaintiff must have personally suffered some injury-in-fact adequate to satisfy Article III's case or controversy requirement. Second, certain prudential considerations must point in favor of permitting the litigant to assert the third-party's legal rights. *See Caplin*, 491 U.S. at 623 n. 3. Among the prudential considerations to consider are the requirements that the litigant must have a legally sufficient relation to the third-party, *see Powers*, 499 U.S. at 411, and there must exist some hindrance to the third-party's ability to protect his or her own rights, *id*. at 411.

In this case, any injury-in-fact to Plaintiff is too attenuated to satisfy Article III standing. For Plaintiff to show such injury-in-fact, the court would have to assume that over the century-and-a-half since the allegedly unlawful transfer, no further transfer of the land in question would have been made by Plaintiff's other ancestors. While it is possible that the many generations from 1873 to the present would have done nothing with that land, that is too speculative a conclusion to provide a basis for an injury to Plaintiff. *See, e.g., McConnell v. FEC*, 540 U.S. 93, 225–26 (2003). Moreover, prudential considerations weigh against allowing Plaintiff to seek to vindicate the rights of his ancestors. Given that all witnesses are long deceased, it will be difficult, if not impossible, to fairly adjudicate any claim regarding the legality of the transfer. Further, Plaintiff has not alleged that any hindrance existed to his ancestors' ability to have protected their own rights at some point closer in time to the events in question. On this score, it is worth noting that the Court has been unable to identify a single case sustaining a Section 1983 claim based on remotely similar conduct that occurred generations before the case was filed.[6]

Plaintiff could hypothetically overcome some of these obstacles to establishing federal jurisdiction and stating a claim. In particular, it is perhaps not completely inconceivable that

---

[6] Litigation over ancestral harms has occurred at times in federal courts, particularly in the context of plaintiffs seeking reparations for slavery and seeking redress for the dispossession of Native Americans. While the undersigned does not necessarily agree with the reasoning adopted in those cases or their outcomes, those cases are not discussed here because the instant action by a single plaintiff concerning a run-of-the-mill property dispute—as opposed to a sequence of world historic wrongs—is distinguishable in any event.

Plaintiff could plead facts showing (1) that this action concerning events that occurred more than 150 years ago is timely, based on equitable tolling or some other equitable timeliness doctrine, (2) that there was state action, because Defendant did more than passively record a deed, (3) that Defendant had a contemporaneous policy and practice of unlawfully recording deeds such that *Monell* liability could attach, and (4) that Defendant's conduct was so egregious that it violated due process. However, even then, Plaintiff could not establish federal jurisdiction, because the alleged constitutional injury was perpetrated against his ancestors and any supposed injury to Plaintiff some 150 years later would be too speculative to establish standing.

## V. CONCLUSION

Accordingly, the undersigned recommends that:

1. Defendant's Motion to Dismiss (ECF No. 7) be GRANTED;
2. Plaintiff's Motion to File an Amended Complaint (ECF No. 15) be DENIED;
3. Plaintiff's Complaint (ECF No. 1) be DISMISSED with prejudice, given the futility of amendment.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, either party may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 3, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE